United States Bankruptcy Court
Southern District of Texas
ENTERED
July 01, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-34507** |
| **ROSSLYN2016, LLC, TEXAS ESENCIA 2019 LLC, TIMBERS2020 LLC,** | § | **CHAPTER 7** |
| **Debtors.** | § | |
| **ROSSLYN2016 LLC, FERCAN E. KALKAN, TEXAS ESENCIA 2019, LLC, and TIMBERS2020, LLC,** | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | **ADVERSARY NO. 25-3804** |
| **MORGAN STANLEY PRIVATE BANK, N.A., ROBERT R. WISNER, and TL-I, LLC,** | § | |
| **Defendants.** | § | |

## ORDER

***Resolving ECF Nos. 36; 37***

Before the Court are Dr. Fercan E. Kalkan's ("*Dr. Kalkan*") (1) Motion to Alter, Amend, or Vacate the Order Dismissing and Closing Adversary Proceedings With Prejudice, and Alternatively to Stay the Order Pending Appeal (the "*Motion to Reconsider*") at ECF No. 36 and (2) Motion for Stay Pending Appeal of the Order Approving Settlement and the Order Dismissing and Closing Adversary Proceedings With Prejudice (the "*Motion for Stay*" and together with the Motion to Reconsider, the "*Motions*") at ECF No. 37. The Chapter 7 Trustee ("*Trustee*") and Morgan Stanley Private Bank, National Association ("*Morgan Stanley*") have filed objections. ECF Nos. 39, 44, 45. Dr. Kalkan has filed a reply. ECF No. 41. Through his Motions, Dr. Kalkan requests the Court to either reconsider, vacate or stay an order approving a settlement (the "*Settlement Order*") at Bankr. ECF No. 268 and an order that, among other things, dismissed this

adversary proceeding (the "*Dismissal Order*") at ECF No. 35 pursuant to Federal Rule of Civil Procedure ("*Rule*") 59(e) and 60 and Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 8007. The Court held a hearing on June 30, 2026 and now issues this instant Order.

Dr. Kalkan is an interest owner and member of the Debtors, Rosslyn2016 LLC, Texas Esencia 2019 LLC, and Timber 2020 LLC. *See* Bankr. ECF Nos. 12, 15 and 18. On February 26, 2026, the Trustee filed her motion to compromise a controversy with Morgan Stanley (the "*9019 Motion*"). Bankr. ECF No. 171. Dr. Kalkan filed his objection to the 9019 Motion on March 10, 2026. Bankr. ECF No. 176. After multiple hearings on the 9019 Motion where the Court allowed Dr. Kalkan and other parties to present arguments and evidence, the Court entered its Settlement Order on May 20, 2026. Bankr. ECF No. 268. The Settlement Order approved a comprehensive settlement between the Chapter 7 Trustee and Morgan Stanley (the "*Settlement Agreement*") that was contemplated by the 9019 Motion. Bankr. ECF No. 268.

On May 29, 2026, Dr Kalkn filed his notice of appeal of the Settlement Order. Bankr. ECF No. 273. On May 29, 2026, the Trustee and Morgan Stanley filed their joint "Emergency Motion To Dismiss And Close Adversary Proceedings" (the "*Emergency Motion*"). ECF No. 34. On June 1, 2026, the Court entered its Dismissal Order, which granted the Emergency Motion and dismissed adversary proceeding numbers 25-03804 through 25-03810 (the "*Adversary Proceedings*") with prejudice, closed those proceedings, and ordered that the notices of lis pendens recorded at RP 330228, RP 330229, and RP 330230 (the "*Lis Pendens*") be released. ECF No. 35. On June 2, 2026, Dr. Kalkan filed the instant Motions. ECF Nos. 36, 37.

The moving party has the burden of proof on a motion to reconsider or vacate under Rule 59(e) or 60 and a motion for stay pending appeal under Bankruptcy Rule 8007. *See Hernandez v. Sahel Sahara Rest.*, No. 3:25-cv-01975-X-BT, 2026 U.S. Dist. LEXIS 70009, at *5 (N.D. Tex.

Mar. 13, 2026); *In re Dernick*, Nos. 18-32417, 18-32494, 2019 Bankr. LEXIS 116, at *6 (Bankr. S.D. Tex. Jan. 16, 2019). At the June 30, 2026 hearing held for the Motions, Dr. Kalkan was given an opportunity to present evidence and witnesses to support his Motions. Dr. Kalkan did not present any evidence whatsoever to meet his burden.

In any event, Dr. Kalkan's legal arguments are without merit. Dr. Kalkan's Motions rest on the assertion that the Settlement Order and Dismissal Order prejudice his individual rights, property interests, and causes of action. ECF Nos. 36, 37. But the Settlement Order expressly provides that the Settlement Agreement does not release or enjoin any direct, non-derivative third-party claims, and that the Settlement Agreement's release and injunction is explicitly limited to claims and causes of action that are derivative or duplicative of claims belonging to the Debtors' Estates. *See* Bankr. ECF No. 268 at 5, ¶ 5. And the Dismissal Order is merely a ministerial act that effectuated the substantive relief already granted in the Settlement Order. Specifically, the Settlement Order expressly provides for the dismissal of the Adversary Proceedings with prejudice and directed their administrative closure. Bankr. ECF No. 268 at 7, ¶ 9. And the Settlement Agreement that was approved required the Trustee to release the Lis Pendens. Bankr. ECF No. 268 at 16, Sec. 6.

Dr. Kalkan was present at the May 20, 2026 hearing on the 9019 Motion, heard and presented extensive testimony, and participated in discussions regarding revisions to the Settlement Order. Bankr. ECF No. 267. Dr. Kalkan did not offer any new arguments or evidence to meet his burden under Rule 59(e), Rule 60 or Bankruptcy Rule 8007 when he was given the opportunity to do so at the June 30, 2026 hearing. Accordingly, it is therefore:

**ORDERED** that:

1. Dr. Kalkan's Motion to Alter, Amend, or Vacate the Order Dismissing and Closing Adversary Proceedings With Prejudice, and Alternatively to Stay the Order Pending

Appeal at ECF No. 36 is DENIED.

2. Dr. Kalkan's Motion for Stay Pending Appeal of the Order Approving Settlement and the Order Dismissing and Closing Adversary Proceedings With Prejudice at ECF No. 37 is DENIED.

3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Wednesday, July 1, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**